IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. KENNETH STATTON, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 17-CV-00077-JED-FHM |
| | ) | |
| 2. DARWIN NATIONAL ASSURANCE COMPANY, LLC, a foreign company, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW the Plaintiff, Kenneth Statton (hereinafter "Statton" or "Plaintiff"), an Oklahoma citizen, by and through the Firm of LEVINSON, SMITH & HUFFMAN, P.C., and WIDDOWS LAW FIRM pursuant to 28 U.S.C. §1331, 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, and for his cause of action against Defendant Darwin National Assurance Company ("Darwin" or "Defendant") states:

1. Plaintiff Kenneth Statton is a resident of Rogers County, Oklahoma.

2. Defendant Darwin is a foreign limited liability company conducting business in Tulsa County, Oklahoma.

3. Jurisdiction and venue of this action are proper under 28 U.S.C. §1332.

4. The amount in controversy exceeds $75,000.00.

## NATURE OF THE CLAIM

5. On June 30, 2015, Statton and M&M Precision Components, LLC (M&M), a subsidiary of Wingman Holdings, Incorporated ("WHI"), entered into an Employment

Agreement ("Agreement") whereby Mr. Statton would assume the position of General Manager of M&M.

6. As part of his compensation as General Manager, Mr. Statton could earn, in addition to his base salary, an incentive of $2,000,000.00 ("earnout") at a time certain if the company met certain financial goals during his first year as General Manager of M&M.

7. M&M met those financial goals, entitling Mr. Statton to the $2,000,000.00 earnout.

8. WHI refused to pay Mr. Statton his $2,000,000.00.

9. On July 5, 2016, Statton was discharged allegedly "for cause."

10. Because WHI did not want to pay $2,000,000.00 to Mr. Statton due, in part, to its dire financial condition, M&M fabricated claims of fraud, misrepresentation, conversion, and other nefarious claims as well as breaches of express and implied contracts against Mr. Statton in order to terminate Mr. Statton, avoid paying the $2,000,000.00, and keep the financial shortcomings from surfacing.

11. On the same day that Mr. Statton was terminated, M&M filed the case of M&M Precision Components, LLC v. Kenneth Statton and MotorSports Tulsa LLC, Case No. 16-cv-05329-VSB in the Southern District of New York, alleging, amongst other things, fraudulent misrepresentation and breach of contract by Mr. Statton.

## THE POLICY

12. M&M is an insured under a Management Liability Package Policy issued by Defendant. (Management Liability Package Policy, plus Endorsement, at p. 1, attached hereto as **Exhibit A**) ("Policy").

13. Kenny Statton is an "insured person" under the Policy.

14. "Misrepresentation" is a "Workplace Tort" under the Policy. (Ex. A, at p. 6).

15. "…[F]ailure to provide or enforce consistent employment-related corporate policies and procedures" (Ex. A, at p. 6), is also a "Workplace Tort" under the Policy.

16. Therefore, "Misrepresentation" is a "Wrongful Act" under the Policy. (Ex. A, at p. 6).

17. Mr. Statton, as General Manager, was charged with managing the day-to-day operations of M&M and enforcing consistent employment-related corporate policies and procedures.

18. "…[F]ailure to provide or enforce consistent employment-related corporate policies and procedures" (Ex. A, at p. 6) is also a "Wrongful Act" under the Policy.

19. Further, breaches of implied employment contracts and breaches of express contracts are "Wrongful Employment Decision(s)" under the Policy.

20. Wrongful Employment Decisions are "Wrongful Acts" under the Policy.

21. The policy guarantees Mr. Statton, General Manager of M&M, coverage for any alleged "Wrongful Act" he committed, including misrepresentation and failure to provide or enforce consistent employment-related corporate policies and procedures.

22. Darwin has denied, and continues to deny, indemnity or defense for Mr. Statton as General Manager of M&M in the New York case.

## COUNT I:

## DECLARATORY JUDGMENT

23. Statton hereby incorporates paragraphs 1 through 20 of this Complaint.

24. Statton requests that this Court declare that he is an "insured person" under the Policy, and is entitled to indemnity and defense to be paid by Darwin in the New York case.

**WHEREFORE**, Plaintiff Kenneth Statton requests that this Court declare that (1) He is an "insured person" under the Policy; and (2) that he is entitled to indemnity and defense to be paid by Darwin in the New York case and the reasonable costs, fees and such further relief the Court deems just in this matter.

Respectfully submitted,

LEVINSON, SMITH & HUFFMAN, P.C.

/s/ G. Steven Stidham
G. Steven Stidham, OBA #8633
Evan M. McLemore, OBA #31407
1743 East 71st Street
Tulsa, OK  74136-5108
gstidham@lsh-law-firm.com
evan.mclemore@lsh-law-firm.com
Telephone:   (918) 492-4433
Facsimile:   (918) 492.6224

And

P. Gae Widdows, OBA # 9585
Widdows Law Firm PC
1861 E. 71st Street
Tulsa, OK  74136-3922
pgae@widdowslaw.com
Telephone:   (918) 744-7440
Facsimile:   (918) 744-9358
**ATTORNEYS FOR PLAINTIFF**